IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**EDWARD SAVERCOOL and BARBARA WEIBLEY,**

    **Plaintiffs,**

    v.

**CARL J. KAUFMANN, et al.,**

    **Defendant.**

**CIVIL NO. 1:07-CV-1725**

**JUDGE SYLVIA H. RAMBO**

## **M E M O R A N D U M and O R D E R**

### I.  **Background**

Before the court is a petition for a temporary injunction. It appears that the party Carl J. Kaufmann[1] is seeking to prevent rental property from reverting to the possession of Edward Savercool and Barbara Weibley. An eviction notice has been served upon Kaufmann. He has unsuccessfully appealed an order of the Court of Common Pleas of Perry County—which granted possession of 21 N. Market St., Millerstown, Perry County, Pennsylvania to Savercool and Weibley—to the Supreme Court of Pennsylvania. Kaufmann claims that he was deprived of his possessions without due process of law as required by the Fourteenth Amendment. Kaufmann now invites this court to review the decisions of the Pennsylvania state courts which have already considered the matter, and grant a temporary restraining order. For the reasons that follow, the court will decline to do so.

---

[1] It appears that the parties in this case are reversed in the caption and the balance of the pleadings.

**II.**         **Discussion**

The *Rooker-Feldman* doctrine[2] provides that "lower federal courts may not sit in direct review of the decisions of a state tribunal." *Gulla v. North Strabane Township*, 146 F.3d 168, 171 (3d Cir. 1998). The doctrine "is confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Because jurisdiction to review a state court's decision rests solely in the United States Supreme Court, *see* 28 U.S.C. § 1257, federal district courts lack subject matter jurisdiction over challenges that are the functional equivalent of an appeal of a state court judgment, *Marran v. Marran*, 376 F.3d 143, 149 (3d Cir. 2004), "even if those challenges allege that the state court's action was unconstitutional," *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). "Although § 1257 refers to orders and decrees of the highest state court, the *Rooker-Feldman* doctrine has been applied to final decisions of lower state courts." *In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005).

Specifically, a claim is the functional equivalent of an appeal if: (1) "the federal claim was actually litigated in state court prior to the filing of the federal action" or (2) "if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong." *Id.* A federal claim is inextricably intertwined with a state adjudication when the federal court must determine that the state court

---

[2]   The *Rooker-Feldman* doctrine derives from two Supreme Court decisions: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Circuit Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

judgment was erroneously entered in order to grant the requested relief, or the federal court must take action that would negate the state court's judgment.  *In re Knapper*, 407 F.3d at 581.

      Here Kaufmann essentially asks this court to review and reverse the Pennsylvania state court decisions ordering Kaufmann's eviction from rental property.  This is the functional equivalent of an appeal, and as a federal district court, this court lacks subject matter jurisdiction to consider the matter.  Accordingly, **IT IS HEREBY ORDERED THAT** the petition for a temporary injunction is **DISMISSED** and the Clerk of court shall close this case.

                                    s/Sylvia H. Rambo
                                      SYLVIA H. RAMBO
                                      United States District Judge

Dated:  September 21, 2007.